FILED

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 8 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEC 1 9 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

## *DOCKET NO. 1803*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE BANC OF AMERICA INVESTMENT SERVICES, INC., OVERTIME PAY LITIGATION*

> *James Karim, et al. v. Banc of America Investment Services, Inc.*, C.D. California, C.A. No. 8:06-167
>
> *Irene Sinow, et al. v. Banc of America Investment Services, Inc., et al.*, N.D. California, C.A. No. 3:06-4466 ☜ C.
>
> *Ina C. Fryer v. Banc of America Investment Services, Inc., et al.*, E.D. New York, C.A. No. 2:06-2664

## *BEFORE WM. TERRELL HODGES,\* CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of three actions pending respectively in the following three districts: the Central District of California, the Northern District of California, and the Eastern District of New York. Plaintiffs in the Northern District of California action and the Eastern District of New York action move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing the three actions in the Southern District of New York for coordinated or consolidated pretrial proceedings.[1] Defendants[2] in one or more of the three actions oppose centralization but, alternatively, favor selection of the Central District of California as transferee forum. Plaintiffs in the Central District of California action (*Karim*) similarly oppose centralization but, alternatively, support transfer to the Central District of California.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient

---

\* Judge Hodges took no part in the decision of this matter.

[1] The Section 1407 motion, as originally filed, also pertained to an additional action that was then pending in the Southern District of New York. Subsequently that action was voluntarily dismissed, thus mooting the question of Section 1407 transfer with respect to that action. Additionally, the Panel has been notified of a potentially related action pending in the District of New Jersey. In light of the Panel's disposition of this docket, this action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Banc of America Investment Services, Inc.; Quick & Reilly, Inc.; Fleet National Bank; and Fleet Investment Services, Inc.

- 2 -

conduct of this litigation. Plaintiffs in all actions assert similar claims against defendants under the Fair Labor Standards Act and/or state labor law on behalf of groups of current and former employees of defendants who worked as securities brokers or broker trainees. Plaintiffs seek overtime compensation and other relief for these employees. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Opponents of centralization argue that *Karim* and a related state court action have settled, or are nearing settlement, and that centralization is therefore unnecessary. We disagree. Regardless of whether these actions have settled, there remains two federal actions and a potential tag-along action pending in three federal districts. Transfer under Section 1407 will have the salutary effect of assigning the present actions and any future tag-along actions to a single judge who can formulate a pretrial program (including, if necessary, proceedings regarding the *Karim* settlement) that ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts.

We conclude that the Central District of California is an appropriate transferee forum in this docket for the following reasons: i) the district is where the first-filed action (in which plaintiffs claim to have reached a nationwide settlement) is pending; and ii) defendants in the three actions and plaintiffs in the Central District of California action alternatively support this choice.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Alicemarie H. Stotler for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

D. Lowell Jensen
Acting Chairman